IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
January 21, 2025 Session

## DONALD K. MOORE, JR. v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**Nos. 96-C-1428, 96-C-1423      Angelita Blackshear Dalton, Judge**

_____

**No. M2024-00547-CCA-R3-PC**
_____

Petitioner, Donald K. Moore, Jr., appeals the summary dismissal of his petitions seeking post-conviction relief from his 1996 convictions for first degree murder and especially aggravated robbery in case number 96-C-1428 and second degree murder in case number 96-C-1423, for which he was sentenced to life, twenty years, and twenty-one years' incarceration, respectively. The post-conviction court concluded that, even if Petitioner's allegations were taken as true, he would not be entitled to relief and summarily dismissed the petitions. Discerning no error, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and TIMOTHY L. EASTER, JJ., joined.

Ardena Garth Hicks, Chattanooga, Tennessee, for the appellant, Donald K. Moore, Jr.

Jonathan Skrmetti, Attorney General and Reporter; Edwin Alan Groves, Jr., Assistant Attorney General; Glenn R. Funk, District Attorney General; and Roger D. Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

This case arises from two February 1996 incidents in which Petitioner, who was seventeen years old at the time, shot and killed two men. In case number 96-C-1428, Petitioner was convicted of the first degree felony murder and especially aggravated robbery of Hiawatha Bennett, Jr., a taxi driver. *State v. Moore*, No. 01C01-9801-CR-00032, 1999 WL 226227, at *1 (Tenn. Crim. App. Apr. 20, 1999) ("*Moore I*"), *perm. app. denied* (Tenn. Oct. 11, 1999). After a sentencing hearing, the trial court ordered that Petitioner serve twenty years for the especially aggravated robbery, to be served

consecutively to a mandatory life sentence for first degree murder. *Id.* at *10-11. On direct appeal, this court concluded that the trial court's imposition of consecutive sentencing was proper. *Id.* at *11-12.

In case number 96-C-1423, Petitioner was convicted of the second degree murder of college student Phillip Huffer. *State v. Moore*, No. 01C01-9809-CR-000362, 1999 WL 820870, at *1 (Tenn. Crim. App. Oct. 13, 1999) ("*Moore II*"), *perm. app. denied* (Tenn. April 24, 2000). The trial court imposed a twenty-one-year sentence, to be served consecutively to case number 96-C-1428. *Id.* at *3. This court concluded on direct appeal that consecutive sentencing was proper. *Id.* at *4.[1]

Thereafter, Petitioner filed petitions for post-conviction relief in his respective cases on September 17, 2002. The post-conviction court summarily dismissed the petitions as time-barred, and the record does not reflect that the summary dismissals were appealed.

On November 18, 2022, the Tennessee Supreme Court issued *State v. Booker*, 656 S.W.3d 49 (Tenn. 2002), a plurality opinion holding "that an automatic life sentence when imposed on a juvenile homicide offender with no consideration of the juvenile's age or other circumstances violates the prohibition against cruel and unusual punishment under the Eighth Amendment to the United States Constitution." *Id.* at 52. The court specifically limited the application of its ruling "to juvenile homicide offenders." *Id.* at 53. The court reasoned that "in juvenile first-degree murder cases, *and only in these cases*, a sentence is automatically imposed without considering age, the nature of the crime, or any other factors." *Id.* at 63 (emphasis added). The *Booker* court fashioned the following remedy for cases where a juvenile homicide offender was automatically sentenced to life:

> In remedying this constitutional violation, we exercise judicial restraint. We need not create a new sentencing scheme or resentence Mr. Booker—his life sentence stands. Rather, we follow the policy embodied in the federal Constitution as explained in *Montgomery v. Louisiana*, 577 U.S. 190, 136 S. Ct. 718, 193 L.Ed.2d 599 (2016) and grant Mr. Booker an individualized parole hearing where his age and other circumstances will be properly considered. The timing of his parole hearing is based on release eligibility in the unrepealed version of section 40-35-501(h)(1), previously in effect, that provides for a term of sixty years with release eligibility of sixty percent, but not less than twenty-five years of service. Thus, Mr. Booker remains sentenced to sixty years in prison, and after he has served between twenty-

---

[1] In 2017, Petitioner filed a petition for writ of habeas corpus, which the trial court denied, and this court affirmed. *Moore v. Perry*, No. W2017-02180-CCA-R3-HC, 2018 WL 3599467, at *3 (Tenn. Crim. App. July 26, 2018), *perm. app. denied* (Tenn. Feb. 25, 2019).

five and thirty-six years, he will receive an individualized parole hearing where his age and other circumstances will be considered. Our limited ruling, applying only to juvenile homicide offenders, promotes the State's interest in finality and efficient use of resources, protects Mr. Booker's Eighth Amendment rights, and is based on sentencing policy enacted by the General Assembly.

*Id*. at 53.

On November 17, 2023, Petitioner filed respective Petitions for Post-Conviction Relief (collectively, "the Petition"). Petitioner argued that the Petition was timely filed within one year of the final ruling in *Booker*, in which the supreme court established a constitutional "right of a juvenile to be sentenced by a judge or jury that takes into account the mitigating qualities of youth." Petitioner argued that he was denied this right "when he was sentenced to effectively serve the remainder of his natural-born life in prison under a consecutive sentencing scheme that did not require or authorize the [c]ourt to consider the mitigating factors of youth now required under *Booker*." Petitioner noted that he had received a custodial parole hearing for his first degree murder conviction in November 2023.

The post-conviction court entered a written order summarily dismissing the Petition. The post-conviction court found as an initial matter that "[b]ased on the pleadings and arguments submitted by counsel, this [c]ourt finds that the instant petitions are timely filed based on the exception to the one-year limitations period[.]" After examining *Booker*, the post-conviction court distinguished it from Petitioner's case, noting that, unlike the single homicide conviction in *Booker*, Petitioner was convicted of two separate homicides and especially aggravated robbery. The post-conviction court acknowledged Petitioner's argument that his aggregate sentence was "the functional equivalent of life without parole" but concluded that Petitioner's consecutive sentences did not violate *Booker* because Petitioner had sentencing hearings in which the trial court had the opportunity to consider mitigating and enhancement factors, and at which the trial court found that Petitioner was a dangerous offender whose behavior indicated little or no regard for human life and no hesitation about committing a crime in which the risk to human life was high. Petitioner timely appealed.

**Analysis**

On appeal, Petitioner contends that the post-conviction court erred by summarily dismissing the Petition because his consecutive sentences violate the principles articulated

in *Booker*. The State responds that the post-conviction court properly dismissed the Petition because *Booker* did not address consecutive sentencing.[2]

Post-conviction relief "shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. A petition for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred." Tenn. Code Ann. § 40-30-102(a). Subsection 102(b) provides that "[n]o court shall have jurisdiction to consider" a post-conviction petition "filed after the expiration of the limitations period unless" one of three listed exceptions is applicable. Tenn. Code Ann. § 40-30-102(b). The exception Petitioner claims is applicable to his case is codified in subsection (b)(1), which allows tolling of a post-conviction claim that "is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial[.]" Tenn. Code Ann. § 40-30-102(b)(1).

As a preliminary matter, we note that one of the issues in Petitioner's brief is based upon the premise that the post-conviction court dismissed the Petition as untimely; however, the post-conviction court expressly found that the Petition was timely. The State also agreed in its brief and at oral argument that the Petition was timely.

Upon receipt of a petition for post-conviction relief, the post-conviction court conducts a preliminary review to "determine whether the petition states a colorable claim." Tenn. Sup. Ct. R. 28, § 6(B)(2); *Burnett v. State*, 92 S.W.3d 403, 406 (Tenn. 2002). "A colorable claim is a claim, in a petition for post-conviction relief, that, if taken as true, in the light most favorable to petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." Tenn. Sup. Ct. R. 28, § 2(H).

At oral argument, Petitioner acknowledged that, after both parties' briefs were filed in this appeal, this court issued its opinion in *Mallard v. State*, No. M2024-00265-CCA-R3-PC, 2024 WL 4904626 (Tenn. Crim. App. Nov. 27, 2024), which is directly contrary to his position; nevertheless, he has requested that this court consider his argument in the interests of justice.

---

[2] The State also argues that, because Petitioner's colorable claim issue was not included in the statement of the issues section of his initial brief, it has been waived. However, we will exercise our discretion to consider the colorable claim issue. *See* Tenn. R. App. P. 13(b).

- 4 -

In *Mallard*, the petitioner challenged the constitutionality of his twenty-two-year sentence for especially aggravated robbery, which was ordered to be served consecutively to his life sentence for first degree murder. *Id.* at *1. This court concluded that *Booker*'s holding does not extend beyond mandatory life sentences imposed upon juvenile homicide offenders. *Id.* at *4. Relative to this state's consecutive sentencing scheme, this court discussed the following:

> Because consecutive sentencing was not mandated by statute or rule, the trial court in [p]etitioner's case had broad discretion to consider any mitigating factors, including whether a defendant "because of youth . . . lacked substantial judgment in committing the offense[,]" when imposing concurrent sentences for multiple convictions. Tenn. Code Ann. § 40-35-113(6). A trial court has the discretion to order sentences to be served concurrently even when the State proves one or more of the factors for consecutive sentencing set out in Tennessee Code Annotated section 40-35-115(b). [*State v. Perry*, 656 S.W.3d 116, 127 (Tenn. 2022)]. There is no *automatic* consecutive sentencing under Tennessee Code Annotated section 40-35-115, and thus, the statute provides "the necessary procedural protection to guard against disproportionate sentencing." *Booker*, 656 S.W.3d at 63.

> . . . .

> We hold that the imposition of a consecutive sentence by a trial court who has the discretion to consider "age, the nature of the crime, or any other factors" provides "the necessary procedural protection to guard against disproportionate sentencing" and does not violate the prohibition against cruel and unusual punishment under the Eighth Amendment to the United States Constitution. *Id.*

*Id.* at 3-4.

In this case, Petitioner's sentences were not mandated by statute or rule to be aligned consecutively; therefore, the trial court had to decide how his sentences for multiple convictions would be aligned. *See* Tenn. Code Ann. § 40-35-115(d); Tenn. R. Crim. P. 32 (c)(3). The decision to impose concurrent or consecutive sentences is a matter entrusted to the sound discretion of the sentencing court. *State v. Pollard*, 432 S.W.3d 851, 861 (Tenn. 2013); *State v. Nelson*, 275 S.W.3d 851, 870 (Tenn. Crim. App. 2008); *State v. Hastings*, 25 S.W.3d 178, 181 (Tenn. Crim. App. 1999).

Before the court could consider aligning Petitioner's sentences consecutively, the court had to find by a preponderance of the evidence that the proof at the sentencing hearing established at least one of the seven criteria listed in Tennessee Code Annotated section 40-35-115(b). *Perry*, 656 S.W.3d at 127. The criteria in the statute provided, in relevant part, that one such factor was that "[t]he defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high[.]" Tenn. Code Ann. § 40-35-115(b) (1997). Although the sentencing hearing transcripts are not present in the record, this court stated in the direct appeals that the trial court found in both cases that Code section 40-35-115(b) applied to Petitioner. *See Moore I*, 1999 WL 226227, at *11; *Moore II*, 1999 WL 820870, at *4; Tenn. Code Ann. § 40-35-115(4) (1997).

As the court in *Booker* explained, in "juvenile first-degree murder cases, *and only in these cases*, a sentence is automatically imposed without considering age, the nature of the crime, or any other factors." *Booker*, 656 S.W.3d at 63 (emphasis added); *see also Mason v. State*, No. M2024-00287-CCA-R3-PC, 2024 WL 4615790, at *2 (Tenn. Crim. App. Oct. 30, 2024) (concluding that the *Booker* ruling applied only to juveniles convicted of first degree murder), *perm. app. filed*. Petitioner is correct that *Booker* conferred upon him a new constitutional right. However, that constitutional right was limited to his life sentence for first degree murder because that sentence was "automatically imposed without considering age, the nature of the crime, or any other factors." *Booker*, 656 S.W.3d at 63. Petitioner has already received a parole hearing on his first degree murder conviction, which is the only relief to which he is entitled under *Booker*.

## Conclusion

We affirm the post-conviction court's summary dismissal of the Petition.

s/ *Robert L. Holloway, Jr.*
ROBERT L. HOLLOWAY, JR., JUDGE

- 6 -